UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN ORLANDO MARTIN, | No. 2:15-cv-1821 CKD P |
| Petitioner, | |
| v. | ORDER AND |
| SUSAN M. PEERY,[1] | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. He is serving a sentence of eleven years imprisonment imposed in Yolo County on October 10, 2012 for two counts of assault with a deadly weapon, criminal threats and dissuading a witness. Petitioner was found guilty of those offenses at a jury trial which concluded September 13, 1996. On September 12, 1996 (before the conclusion of his trial), petitioner became a fugitive and remained at large until being arrested in December, 2011. Petitioner's only claim is that the Superior Court of Yolo County violated his Fourteenth Amendment right to due process by destroying his trial transcripts before plaintiff could appeal his convictions.[2]

---

[1] Ms. Peery, the Warden at petitioner's place of incarceration, is hereby substituted as the respondent in this action. See Fed. R. Civ. P. 25(d).

[2] The court notes that petitioner also makes a passing reference to the Equal Protection clause in

1

California law permits destruction of criminal trial transcripts 10 years after trial. Cal Govt. Code § 68152. During petitioner's appeal, which took place approximately 15 years after trial, the Superior Court of Yolo County informed petitioner that the reporter's transcripts from his trial had been destroyed.

As noted by respondent, appellate procedures generally must comport with the demands of the Due Process Clause. Griffin v. Illinois, 351 U.S. 12, 18 (1956). However, there is no law suggesting that the "process" "due" under the Fourteenth Amendment includes that trial courts must maintain transcripts for more than 10 years, especially, as here, where appellate review was not concluded well within 10 years because of the defendant's refusal to participate and his illegal activity.

In any case, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The court will look to the last reasoned state court decision, in this case the June 30, 2014 decision of the California Court of Appeal (Resp't's Lodged Doc. No. 4), in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

Nothing in the decision by the Court of Appeal denying petitioner's due process claim is contrary to, nor does in involve an unreasonable application of Supreme Court authority. As indicated above, the Supreme Court has never held that states must maintain trial transcripts for more than 10 years for apprehended fugitives who then might want to challenge their convictions

---

his argument. However he makes no attempt to argue that the destruction of his trial transcripts somehow amounts to unequal or discriminatory treatment forbidden by the Equal Protection Clause.

on appeal.  Further, the Court of Appeal's decision is not based upon an unreasonable determination of the facts.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be denied; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 7, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mart1821.157